JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Arpad Madarasz

**(b)** County of Residence of First Listed Plaintiff ______
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Caren N. Gurmankin, Esq., Console Mattiacci Law Offices
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215-545-7676

## DEFENDANTS

Frontage Laboratories, Inc.

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 U.S.C. §621, et seq.

Brief description of cause:
Plaintiff was discriminated against because of his age.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 9/21/2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Arpad Madarasz | : | CIVIL ACTION |
| v. | : | |
| Frontage Laboratories, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 9/21/2026 | | Plaintiff, Arpad Madarasz |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Exton, PA 19341

***RELATED CASE IF ANY:*** Case Number:____________ Judge:____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARPAD MADARSZ**<br>**Ambler, PA 19002**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FRONTAGE LABORATORIES, INC.**<br>**700 Pennsylvania Drive**<br>**Exton, PA 19341**<br><br>**Defendants.** | : | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT</u>**

## I. <u>INTRODUCTION</u>

Plaintiff, Arpad Madarasz, brings this action against his former employer, Frontage Laboratories, Inc. ("Defendant"). Defendant terminated sixty-three (63) year old Plaintiff while retaining substantially younger, less qualified employees allegedly as part of a restructuring and then failed to select Plaintiff for an open position which it posted shortly after his termination. Defendant's discriminatory conduct towards Plaintiff violated the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. ("PHRA").

## II. <u>PARTIES</u>

1. Plaintiff, Arpad Madarsz, is an individual and a citizen of the Commonwealth of Pennsylvania. He resides in Ambler, PA 19002.

2. Plaintiff was born in April 1961. He was sixty-three (63) years old at the time that Defendants terminated his employment in January 2025.

3. Defendant, Frontage Laboratories, Inc. is a Pennsylvania corporation with a principal place of business at 700 Pennsylvania Drive, Exton, PA 19341.

4. Defendant is engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

5. At all times material hereto, Defendant employed more than twenty (20) employees.

6. At all times material hereto, Defendant acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7. At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

9. The causes of action which form the basis of this matter arise under the ADEA and the PHRA.

10. The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

11. The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the District Court under 28 U.S.C. §1391(b).

13. On or about May 20, 2025, Plaintiff filed a Charge of Discrimination with the complaint of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein. This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge (with personal identifying information redacted).

14. On or about June 25, 2026, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for his Charge. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

15. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. <u>FACTUAL ALLEGATIONS</u>

16. Plaintiff started working at Defendant in or about September 2023 as Director, Business Development.

17. In or about early January 2025, Plaintiff started reporting to Chris Ryan, Vice President, Safety & Toxicology, Business Development.

18. At all times material hereto, Plaintiff performed his job duties in a highly competent manner.

19. On or about January 15, 2025, Plaintiff was informed that he was being terminated, effective immediately.

20. Plaintiff was told that he was being terminated because of sales and because he had the least amount of tenure of the Directors, Business Development

reporting to Ryan.

21. At the time of Plaintiff's termination, he was, by far, the oldest of Ryan's direct reports.

22. Plaintiff was the only employee out of Ryan's direct reports who was terminated at that time.

23. Within a few weeks of Plaintiff's termination, Defendant posted an open position of Director, Business Development & Client Services, reporting to the Vice President, Business Development.

24. The posting for the open position of Director, Business Development & Client Services was very similar to the position that Plaintiff held prior to his termination.

25. In around early March 2025, Plaintiff applied for the posted Director, Business Development & Client Services position.

26. Plaintiff was qualified for the position of Director, Business Development & Client Services.

27. Plaintiff received an acknowledgement of his application for the position of Director, Business Development & Client Services.

28. Defendant did not interview Plaintiff for the position of Director, Business Development & Client Services.

29. Defendant did not offer Plaintiff the position of Director, Business Development & Client Services.

30. Defendant did not provide Plaintiff with any explanation as to why it did not interview him or offer him the position of Director, Business Development & Client Services.

31. Plaintiff's age was a motivating and determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including terminating Plaintiff's employment and failing to hire him into the position of Director, Business Development & Client Services.

32. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

33. The conduct of Defendant, as set forth above, was willful under the circumstances and warrants the imposition of liquidated damages.

34. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

**COUNT I - ADEA**

35. Plaintiff incorporates herein by reference paragraphs 1 through 34 above, as if set forth herein in their entirety.

36. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

37. Said violations were willful and warrant the imposition of liquidated damages.

38. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

39. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

40. No previous application has been made for the relief requested herein.

**COUNT II - PHRA**

41. Plaintiff incorporates herein by reference paragraphs 1 through 40 above, as if set forth herein in their entirety.

42. Defendant, by the above improper and discriminatory acts, has violated the PHRA.

43. Said violations were intentional and willful.

44. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

45. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

46. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(e) awarding liquidated damages to Plaintiff under the ADEA;

(f) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h) awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

(i) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW**

Dated: 09/21/2026 BY: ______________________

Caren N. Gurmankin, Esq.
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Arpad Madarasz

# Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

| | | |
|---|---|---|
| Arpad Madarasz, | : | |
| Complainant | : | |
| | : | |
| v. | : | PHRC Case No. 202402425 |
| | : | |
| FRONTAGE LABORATORIES, | : | EEOC No. 530-2025-06456 |
| Respondent | : | |
| | : | |

## COMPLAINT

### JURISDICTION

1. Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### PARTIES

2. The Complainant herein is:

Arpad Madarasz
[redacted]
Warminster, PA 18974

3. The Respondent herein is:

FRONTAGE LABORATORIES
700 PENNSYLVANIA DRIVE
EXTON, PA 19341

| **CHARGE OF DISCRIMINATION**<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q FEPA<br>X EEOC | CHARGE NUMBER<br><br>530-2025-06456 |
|---|---|---|
| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission | | |

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**Arpad Madarasz** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>[redacted] | |
|---|---|---|
| STREET ADDRESS<br>[redacted] | CITY, STATE AND ZIP<br>Warminster, PA 18974 | DATE OF BIRTH<br>[redacted] |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Frontage Laboratories, Inc.** | NUMBER OF EMPLOYEES, MEMBERS<br>> 100 | TELEPHONE (Include Area Code)<br>(908) 526-2400 |
|---|---|---|
| STREET ADDRESS<br>700 Pennsylvania Drive | CITY, STATE AND ZIP<br>Exton, PA 19341 | COUNTY<br>Chester |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race Q Color Q Sex Q Religion Q National Origin<br>Q Retaliation **X** Age Q Disability Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest* *Latest* 01/15/2025 |
|---|---|

**The Particulars Are:**

A. 1. Relevant Work History

I started working at Respondent in or about September 2023 as Director, Business Development. As of the time of my termination in January 2025, I reported directly to Chris Ryan, Vice President, Safety & Toxicology, Business Development.

I consistently performed my duties in a highly competent manner.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 5/20/25 Charging Party (*Signature*): | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

JM



2. Harm Summary

I have been discriminated against because of my age (63). Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following.

(a) On January 15, 2025, I was told that I was being terminated, effective immediately.

(b) I was told that I was being terminated because of sales and because I had the least amount of tenure of the Directors, Business Development reporting to Ryan.

(c) The Separation and Release of Claims Agreement that Respondent offered to me at my termination included that I was terminated as the result of a department restructuring.

(d) As of the time of my termination, two (2) other Directors, Business Development reported up to Ryan. Both of the other Directors were substantially younger than I was.

(e) I was the only employee terminated in the decisional unit impacted by the restructure.

(f) Within a few weeks of my termination, Respondent posted an open position of Director, Business Development & Client Services, reporting to the Vice President, Business Development. The posting for the open position appeared to describe the job that I had held prior to my termination.

(g) In around early March 2025, I applied for the posted Director, Business Development & Client Services position.

(h) I am qualified for the position of Director, Business Development & Client Services position.

(i) While I received an acknowledgement of my application for the open position, I have not yet received any requests for an interview or any further response about my application.

B. 1. Respondent's Stated Reasons

Respondent's explanation for terminating my employment is pretextual. I was terminated based on my age.

C. 1. Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (63) in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA") as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Arpad Madarasz v. Frontage Laboratories, Inc.**

EEOC No. ______________________________

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

_X_ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

_X_ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.*

X [signature] 5/20/25
Signature and Date

___ I do not want my charge dual filed with PHRC

______________________________
Signature and Date

# Exhibit "2"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 6/25/2026

**To:** Arpad Madarasz
[redacted]
Warminster, PA 18974

Charge No: 530-2025-06456
EEOC Representative and email: State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough 6/25/2026

Karen McDonough
Deputy District Director

cc:

Sudendra Rao
Senior Vice President, Human Resources
Frontage Laboratories
700 Pennsylvania Drive
Exton, PA 19341

Caren N Gurmankin Esq.
Console Mattiacci Law, LLC
110 Marter Ave Ste 502
Moorestown, NJ 08057

Please retain this notice for your records.